*Cr 04-00054 Ack d*
*USA vs Larry Pagan*

JURY INSTRUCTION NO. 1

Members of the Jury:

You have heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 7 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

JURY INSTRUCTION NO. 2

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case--that is, in reaching your decision as to the facts--it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

JURY INSTRUCTION NO. 3

The indictment or formal charge against a Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his/her innocence or produce any evidence at all and no inference whatever may be drawn from the election of a Defendant not to testify. The Government has the burden of proving him/her guilty beyond a reasonable doubt, and if it fails to do so you must acquit him.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

JURY INSTRUCTION NO. 4

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes (1) the sworn testimony of the witnesses, (2) the exhibits admitted in the record, and (3) any facts or testimony to which the parties have agreed and stipulated.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. Also, during the course of a trial I occasionally make comments to the lawyers, or ask questions of a witness, or admonish a witness concerning the manner in which he/she should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

JURY INSTRUCTION NO. 5

So while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You may consider both direct and circumstantial evidence in deciding this case.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 6

Now I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his/her testimony. In weighing the testimony of a witness, you should consider his/her relationship to the Government or the Defendant; his/her interest, if any, in the outcome of the case; his/her manner of testifying; his/her opportunity to observe or acquire knowledge concerning the facts about which he/she testified; his/her candor, fairness and intelligence; and the extent to which he/she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

JURY INSTRUCTION NO. 7

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state his/her opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

JURY INSTRUCTION NO. 8

You will note that the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly", as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

JURY INSTRUCTION NO. 9

The defendant is charged in Count 1 of the Superseding Indictment with conspiring to distribute and to possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of Section 846 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about a date unknown but from at least on or about November 1, 2002 and ending on or about July 21, 2003, there was an agreement between two or more persons to commit at least one crime as charged in the superseding indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

JURY INSTRUCTION NO. 9 CONTINUED

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the superseding indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

In addition to the finding of guilty or not guilty, the verdict form in this case requires a finding as to the quantity involved in Count 1. If you find the defendant not guilty of

JURY INSTRUCTION NO. 9 CONTINUED

Count 1, then you need not make any further findings as to quantity for that count. If you find the defendant guilty of Count 1, then you all must also find beyond a reasonable doubt whether the quantity of heroin involved was 100 grams or more, or less than 100 grams. In your determination of the quantity of heroin involved, the defendant is to be held accountable for all quantities of heroin with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of heroin that were within the scope of the criminal activity that he jointly undertook.

JURY INSTRUCTION NO. 10

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

JURY INSTRUCTION NO. 11

The defendant is charged in Count 2 of the Superseding Indictment with attempted possession of 100 grams or more of a mixture containing a detectable amount of heroin with intent to distribute in violation of Sections 841(a)(1) and 846 of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess a detectable amount of heroin with the intent to deliver it to another person; and

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of possession of a detectable amount of heroin.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

In addition to the finding of guilty or not guilty, the verdict form in this case requires a finding as to the quantity involved in Count 2.  If you find the defendant not guilty of

JURY INSTRUCTION NO. 11 CONTINUED

Count 2, then you need not make any further findings as to quantity for that count.  If you find the defendant guilty of Count 2, then you all must also find beyond a reasonable doubt whether the quantity of heroin involved was 100 grams or more, or less than 100 grams.

JURY INSTRUCTION NO. 12

The defendant is charged in Count 3 of the Superseding Indictment with attempted possession of cocaine with intent to distribute in violation of Sections 841(a)(1) and 846 of Title 21 of the United states Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to possess cocaine with the intent to deliver it to another person; and

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Mere preparation is not a substantial step toward the commission of the crime of possession of cocaine with the intent to distribute.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

JURY INSTRUCTION NO. 13

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

JURY INSTRUCTION NO. 14

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

JURY INSTRUCTION NO. 15

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

JURY INSTRUCTION NO. 16

You are instructed that law enforcement officers are not required to advise a suspect of his constitutional rights, that is, the right to speak with an attorney, the right to remain silent and that any statement he may make could be used against him, unless the suspect is in custody (sometimes known as a defendant's Miranda rights).

JURY INSTRUCTION NO. 17

Law enforcement officers may properly engage in ruses or trickery and deceit in obtaining statements from a suspect.

JURY INSTRUCTION NO. 18

A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine the guilt or innocence of the accused from the evidence in this case. The Defendant is not on trial for any act or conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a Defendant in this case. The United States through the United States Attorney's Office has the responsibility and discretion to make decisions on who to charge and what crimes to charge through the grand jury process. You are not to consider nor question that decision in reaching a verdict as to the guilt or innocence of the defendant in this case.

Also, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court or judge, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the accused.

JURY INSTRUCTION NO. 19

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges--judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

JURY INSTRUCTION NO. 20

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesman here in court. A form of verdict has been prepared for your convenience.

(Explain verdict)

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.