EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

CANDACE KELLY CA BAR #191473
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:   Candace.Kelly@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LARRY PAGAN, | ) | CV. NO. 07-00355 ACK-BMK |
| | ) | CR. NO. 04-00054 ACK |
| Petitioner, | ) | |
| | ) | UNITED STATES' REQUEST FOR |
| vs. | ) | ORDER FINDING ATTORNEY-CLIENT |
| | ) | PRIVILEGE WAIVER AS TO FORMER |
| UNITED STATES OF AMERICA, | ) | ATTORNEY RUSTAM BARBEE AND |
| | ) | REQUEST FOR ADDITIONAL TIME TO |
| Respondent. | ) | RESPOND TO PETITIONER'S MOTION |
| | ) | TO VACATE SENTENCE UNDER |
| | ) | 28 U.S.C. § 2255; EXHIBIT A; |
| | ) | CERTIFICATE OF SERVICE |

UNITED STATES' REQUEST FOR ORDER FINDING
ATTORNEY-CLIENT PRIVILEGE WAIVER AS TO FORMER
ATTORNEY RUSTAM BARBEE AND REQUEST FOR ADDITIONAL
TIME TO RESPOND TO PETITIONER'S MOTION TO VACATE
SENTENCE UNDER 28 U.S.C. § 2255

A.   INTRODUCTION

On July 2, 2007, Petitioner Larry Pagan filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  In his § 2255 motion, Pagan challenges the sentence imposed upon his conviction after a jury trial in May 2006, for drug trafficking offenses.  Pagan contends that his sentence was

improper because the attorney who represented him at trial, Rustam Barbee, Esq., was ineffective for failing to: (1) call a key witness to testify and locate another key witness, both of whom could have purportedly provided exculpatory testimony; (2) call Pagan as a witness; (3) timely object to the calling of a hostile witness; and (4) communicate to Pagan the seriousness of his case, such that a plea agreement was not actively pursued. Accordingly, Pagan contends that his sentence should be vacated, set aside, or corrected.

In order for the United States to investigate Pagan's contention that he received ineffective assistance from the attorney who represented him at trial, it will be necessary to interview Mr. Barbee. For the reasons stated in part C herein, we request that the Court issue the attached proposed order (Exhibit A) finding that Pagan has waived his attorney-client privilege with Mr. Barbee as to these issues, so that Mr. Barbee may be interviewed without violating the attorney-client privilege.

B.  BACKGROUND

On April 14, 2005, a Superseding Indictment was returned in the District of Hawaii charging petitioner Pagan with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1) (Count 1), attempted possession with intent to distribute 100

grams or more of heroin in violation of 21 U.S.C. § 846 (Count 2), and attempted possession with intent to distribute cocaine (Count 3).

In August 2005, Pagan proceeded to trial before Senior Judge Alan C. Kay. On September 1, 2005, the Court declared a mistrial due to a hung jury. A second trial was held in January 2006. On January 17, 2006, the jury returned a verdict finding Pagan guilty as to Counts 1, 2, and 3.

On May 1, 2006, Judge Kay sentenced Pagan to 120 months imprisonment as to Counts 1 and 2 and 85 months as to Count 3, with all terms to be served concurrently. Pagan was also sentenced to a 8-year term of supervised release and ordered to pay a $300 special assessment.

Pagan appealed his conviction and sentence on direct appeal to the Ninth Circuit. Pagan's conviction and sentence as to each count were affirmed in an unpublished memorandum opinion filed on March 28, 2007 (reported at 2007 WL 954332). As Pagan's present motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was filed in the District Court on July 2, 2007,[1]

---

[1] It appears that Pagan's motion was originally filed on May 3, 2007, in the United States District Court for the Central District of California. Although Pagan is currently incarcerated at the Federal Correctional Institution at Terminal Island, California, within the Central District of California, 28 U.S.C. § 2255 provides that the motion properly lies in the court that imposed the sentence. Accordingly, pursuant to an Order dated June 19, 2007, the United States District Court for the Central District of California transferred Pagan's instant motion to the

the motion appears to have been timely filed within the one-year statutory limitation period provided by 28 U.S.C. § 2255.

    C.    REQUEST FOR ORDER FINDING ATTORNEY-CLIENT PRIVILEGE WAIVER AS TO FORMER ATTORNEY RUSTAM BARBEE AND REQUEST FOR ADDITIONAL TIME TO RESPOND TO PETITIONER'S MOTION

The United States will need to interview Mr. Barbee in order to investigate Pagan's claim that his former attorney provided him with ineffective assistance of counsel. The United States will have to explore the conversations that took place between petitioner and Mr. Barbee that relate to Mr. Barbee's actions or inaction that Petitioner Pagan alleges amounted to ineffective assistance of counsel. The position of the United States is that by raising this claim of ineffective assistance of counsel, petitioner has waived his attorney-client privilege as to those conversations with Mr. Barbee related to these issues. Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir.), cert. denied, 540 U.S. 1013 (2003). Depending on the outcome of its initial investigation with respect to Mr. Barbee, the United States may also have to locate and interview the witnesses who Mr. Pagan claims that Mr. Barbee failed to call.

Accordingly, in order for the United States to investigate Pagan's claims and to file an informed response, we respectfully request that the Court issue the annexed proposed order, making a written finding that Pagan has waived his

---

United States District Court for the District of Hawaii.

attorney-client privilege as to these communications and issues, so that Mr. Barbee can be interviewed by the United States without violating the attorney-client privilege.

In addition, we respectfully request that the Court grant the United States' request for an extension of time in which to file a response to Pagan's motion.

Accordingly, undersigned government counsel respectfully requests this Court issue the annexed proposed order (Exhibit A), or a similar order, finding that petitioner Pagan has waived his attorney-client privilege as to communications with Mr. Barbee concerning issues raised by Pagan in his § 2255 petition and grant the United States' request for an additional 60 days to respond to Pagan's motion.

DATED:  July   27  , 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By   /s/ Candace Kelly
    CANDACE KELLY
    Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

Mr. Larry Nelson Pagan                                    July   27  , 2007
Immate #95157-022
FCI Terminal Island
Federal Correctional Institution
P.O. Box 3007
San Pedro, CA   90731


                                                         /s/ Dawn M. Aihara