EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

CANDACE KELLY CA BAR #191473
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Candace.Kelly@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LARRY PAGAN, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | CV. NO. 07-00355 ACK-BMK<br>CR. NO. 04-00054 ACK<br><br>ORDER FINDING THAT PETITIONER LARRY PAGAN HAS WAIVED HIS ATTORNEY-CLIENT PRIVILEGE AS TO COMMUNICATIONS/ISSUES RAISED BY LARRY PAGAN IN HIS § 2255 PETITION AND GRANTING EXTENSION OF TIME |

ORDER FINDING THAT PETITIONER LARRY PAGAN
HAS WAIVED HIS ATTORNEY-CLIENT PRIVILEGE
AS TO COMMUNICATIONS/ISSUES RAISED BY
LARRY PAGAN IN HIS § 2255 PETITION
AND GRANTING EXTENSION OF TIME

BACKGROUND

On July 2, 2007, Petitioner Larry Pagan filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 challenging his sentence of 120 months imprisonment imposed in May 2006, upon Pagan’s conviction after a jury trial of drug trafficking offenses. Pagan’s conviction and sentence

were affirmed on direct appeal to the Ninth Circuit in a memorandum opinion filed March 28, 2007.

In his § 2255 petition, Pagan claims that he did not receive effective assistance of counsel at trial because his attorney, Rustam Barbee, failed to: (1) call a key witness to testify and locate another key witness, both of whom could have purportedly provided exculpatory testimony; (2) call Pagan as a witness; (3) timely object to the calling of a hostile witness; and (4) communicate to Pagan the seriousness of his case, such that a plea agreement was not actively pursued. In Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir.), cert. denied, 540 U.S. 1013 (2003), the Ninth Circuit held that "[i]t has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his alleged ineffective lawyer." The Court finds that in making and pursuing this allegation of ineffective assistance of counsel against Mr. Barbee in his present § 2255 motion, Petitioner Pagan has waived the attorney-client privilege that might otherwise apply to the communications between a defendant and his attorney, as to the issues raised the § 2255 motion, as well as to communications between petitioner and Mr. Barbee reasonably related to such claims.

Accordingly, in order to investigate the ineffective assistance of counsel claim made by Petitioner Pagan in his present § 2255 motion and to reply to such claim, the United States Attorney is entitled to inquire into certain communications between Petitioner Pagan and Mr. Barbee, which communications would otherwise be protected by the attorney-client privilege. Consequently, Mr. Barbee is authorized to provide information to the United States about such attorney-client communications between Petitioner Pagan and Mr. Barbee, to the extent such communications involve, or are reasonably related to, the ineffective assistance of counsel claim made in Pagan's § 2255 motion. In order to allow the United States sufficient time to complete its investigation of Mr. Barbee's level of assistance, the Court hereby orders that the August 1, 2007, deadline for filing a response is continued to September 28, 2007. Petitioner may file an optional reply within fifteen days of service of the Government's response.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2007.




Alan C. Kay
Sr. United States District Judge

Larry Pagan v. United States of America, Cv. No. 07-00355 ACK-BMK, Cr. No. 04-00054 ACK, "Order Finding That Petitioner Larry Pagan Has Waived His Attorney-client Privilege as to Communications/issues Raised by Larry Pagan in His § 2255 Petition and Granting Extension of Time"