IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CV. NO. 07-00355 ACK-BMK |
| | ) CR. NO. 04-00054 ACK |
| Plaintiff, | ) |
| | ) DECLARATION OF COUNSEL |
| vs. | ) |
| | ) |
| LARRY PAGAN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DECLARATION OF COUNSEL

I, RUSTAM A. BARBEE, hereby declare as follows:

1.  I was counsel for plaintiff, LARRY PAGAN, in CR. NO. 04-00054 ACK and C.A. NO. 06-10324 (Ninth Circuit Court of Appeals) having been appointed pursuant to the Criminal Justice Act.

2.  I am aware that the Court has found that by claiming I provided him ineffective assistance of counsel that Mr. Pagan "has waived the attorney-client privilege that might otherwise apply to the communications between a defendant and his attorney, as to the issues raised in the sec. 2255 motion, as well as to communications between petitioner and Mr. Barbee reasonably related to such claims".



3. Mr. Pagan's claim that I provided ineffective assistance of counsel for failing to call two key witnesses who would have offered exculpatory testimony is without merit. Mr. Pagan fails to identify the key witnesses he is referring to, however, I believe that he is referring to Lillian Salinas, his girlfriend, and possibly "Tito" LNU.

4. Assuming one of the witnesses Mr. Pagan is referring to is Lillian Salinas, Mr. Pagan and I decided not to call her as a witness because she had criminal record involving drug-related offenses. Moreover, the facts she would have testified to would have contradicted the credible evidence in the case. For example: Ms. Salinas would have testified that she was present with the defendant when he received a telephone call from DEA Special Agent Richard Jones; that Pagan was intoxicated at the time of the telephone call; that the call was received while Pagan and Salinas were driving in an automobile and that Pagan was laughing because he believed the call to be a prank telephone call from a co-worker or friend. This testimony would have conflicted with an audio tape recording of the telephone call between Agent Jones and Pagan wherein Pagan does not sound intoxicated; makes several statements inculpating himself in drug trafficking; is not heard to laugh; does not sound to be in a motor vehicle; a

2

television is audible in the background; children's voices are audible in the background and Pagan claims that only his niece is present and asks her for a pencil to write down Agent Jones' telephone number. Therefore, Salina's testimony would have been directly contradicted by an audio tape recording that was admitted into evidence in the government's case-in-chief.

5.  Mr. Pagan also claims that I provided him ineffective assistance of counsel because I failed to locate another key witness who would have offered exculpatory testimony. Mr. Pagan does not identify the individual he is referring to, however, based on his statement that this witness "was the recipient of the money from this purported drug transaction," I believe that he is referring to either "Tito" whom Mr. Pagan could not provide me with any last name or contact information or the recipient of the Western Union money wire transfers, a person with a California address who, according to the government, allegedly received drug payments also from others on the Big Island. I did not attempt to contact this person because Mr. Pagan claimed he did not know this individual. Additionally, Mr. Pagan claimed that the source of the funds which he wire transferred to California were from motor vehicle sales on the Big Island. I checked the records of all motor vehicle sales by Mr. Pagan on the Big Island for the time period

relevant to the indictment and learned that he had no motor vehicle sales recorded to substantiate his claim that the funds sent to California were the proceeds from legitimate car sales transactions by the defendant.

6. Mr. Pagan claims that I provided him ineffective assistance of counsel because I failed to call him as a witness. Not only does this claim lack merit, it is directly contradicted by the record in the case. I advised Mr. Pagan that the prosecuting attorney would impeach him through use of his prior felony drug convictions and his testimony would not be credible. This impeachment would have undermined Pagan's defense that he was unwittingly used by Mexican drug dealers on the Big Island to further their drug business. After consulting with me about the matter, Mr. Pagan elected not to testify in his case. This fact is supported by the record wherein the trial Judge, Hon. Alan C. Kay advised and questioned Mr. Pagan about his knowing waiver of the right to testify. The Court's colloquy with the defendant evidences Mr. Pagan's knowing and intelligent choice not to testify at trial. Significantly, Mr. Pagan elected not to testify on two occasions, at both of his trials. [See trial transcripts].

7. Mr. Pagan claims that I provided him ineffective assistance of counsel because I failed to object to the calling of a "hostile witness." No hostile witnesses were called at either of the defendant's trials, however, I believe that Mr. Pagan may be referring to Fernando Salas, a witness called by the defense to establish the innocent relationship between Pagan and "Tito", a Mexican drug dealer who cleverly used Pagan to further his drug business.

8. Mr. Pagan's claim that I failed to object to the improper cross examination of Mr. Salas,, is untrue. When the government began questioning Mr. Salas about past involvement in drug-related activity, I promptly and properly objected to the line of questioning, asked the Court to instruct the jury to disregard the question and testimony, and moved for a mistrial. Although the Court did not grant a mistrial, it did sustain my objection to the improper impeachment engaged in by the prosecuting attorney, struck the question and answer and ordered the jury not to consider the information: "The court is going to strike any reference to Mr. Salas having been arrested or convicted dealing in drugs or manufacturing drugs, and I'm instructing the jury to disregard that, don't consider that at all as ever having--as you never having heard about it. You're to totally disregard that." [See trial transcript, testimony of Fernando Salas].

9. Mr. Pagan claims that I provided him with ineffective assistance of counsel because I failed to communicate the seriousness of his case, such that a plea agreement was not pursued. This claim is false.

10. Prior to myself being appointed to represent Mr. Pagan, two other attorneys had represented the defendant and had attempted to conduct plea negotiations for Mr. Pagan. Neither predecessor attorneys was successful in obtaining a plea agreement because Pagan insisted on his innocence and refused to consider pleading guilty.

11. After being appointed to represent the defendant, I communicated to Mr. Pagan the seriousness and nature of the charges against him on many occasions. As evidenced by one of my letters to Mr. Pagan, dated February 1, 2005, I presented Mr. Pagan with the option of changing his plea to guilty and attempting to secure a plea agreement. [See attached letter to Defendant dated February 1, 2005].

12. Sometime before the first of Mr. Pagan's two trials, Pagan did accept a plea offer wherein the government agreed not to seek an enhanced 10-year mandatory-minimum prison sentence for Pagan being a repeat offender in exchange for Defendant's guilty pleas. However, at the change of plea hearing, Judge Kay refused to accept Pagan's guilty plea because Pagan

verbally professed his innocense. See transcript of change of plea hearing. Within a very short time after this aborted change of plea hearing, the prosecuting attorney refilled a section 851 notice which operated to increase and double Pagan's mandatory minimum term from 5-years to 10-years imprisonment.

13. In my discussions with Mr. Pagan, I advised him many times that he could seek a reduced sentence through a plea agreement with the government. He almost always responded that was not guilty and that he wanted to fight his case at trial. After the aborted change of plea hearing where he informed Judge Kay that he was not guilty, Mr. Pagan continually and consistently refused to have me seek a plea agreement.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, September 27, 2007.

RUSTAM A. BARBEE



**Rustam A. Barbee**
Attorney at Law

1188 BISHOP STREET, SUITE 2606 • HONOLULU, HAWAII 96813
TEL. (808) 524-4406 • FAX (808) 524-4306

February 1, 2005

Mr. Larry Pagan
PO Box 754
Kamuela, HI 96743

        RE:    U.S. v. Pagan,
                CR. NO. 04-00054 HG 01

**PERSONAL AND CONFIDENTIAL**
**ATTORNEY-CLIENT PRIVILEGED COMMUNICATION**

Dear Mr. Pagan:

        It was a pleasure speaking with you yesterday. As you are aware, I have been assigned to represent you in place of Attorney Tommy Waters who withdrew for your case and am now writing to summarize the charges against you, the possible sentences and the legal options remaining in your case.

        You are presently scheduled for jury selection and trial before Judge Helen Gillmor on March 8, 2005. The indictment alleges that you committed the following offenses: **Count 1**, Attempt to Possess with Intent to Distribute 100 grams or more of Heroin (174 grams); and, **Count 2**, Attempt to Possess with Intent to Distribute Cocaine (25 grams). Count 1 is punishable by a mandatory minimum 5 years to 40 years imprisonment. Count 2 is punishable by a sentence of up to 20 years imprisonment. If the government alleges and proves that you have a prior drug trafficking felony conviction, the sentences increases in Count 1 to 10 years to life imprisonment and in Count 2 to a 40 year maximum sentence. As I promised you yesterday, I will be obtaining your conviction records from the big island to see if the government can prove prior drug felonies to increase the possible sentences in your case.

        A review of the discovery provided by the prosecuting attorney so far in your case includes drug evidence of heroin and cocaine and a tape recording of two telephone conversations supposedly between you and DEA Agent Richard Jones wherein a package delivered to your daughter and containing the drugs was discussed.

        You are aware that if you are convicted of Count 1 the Court will have to impose at least a 5 year prison sentence with no parole. You have told me that you want to fight the case against you at trial and call witnesses to testify on your behalf that you were expecting a package from your girlfriend in Mexico and not a package from California. Furthermore that you thought the phone call from Jones was a prank call from a co-worker and that your responses to him were meant as a joke also.

Mr. Larry Pagan
February 1, 2005
Page two of two

      There are only **two ways** to defeat the mandatory minimum 5 year sentence in your case (mandatory 10 years if the government alleges and proves a prior drug felony conviction). One, obtain an acquittal on Count 1 at trial. Two, you can get less than 5 years if the prosecuting attorney moves the Court for a "cooperation" departure under U.S.S.G. sec. 5K1.1 for providing substantial assistance to the government. Typically, the government will move for a sentence reduction of no more than 50% of the otherwise applicable guideline sentence for cooperation. "Cooperation" would require that plead guilty and provide full and complete information, including a detailed confession to the DEA along with assisting them to identify, arrest and/or prosecute others involved in illegal activity.

      Mr. Pagan, your legal options at this point are as follows: 1) Change your not guilty plea to guilty and cooperate with the DEA in identifying and prosecuting persons involved in crime and try to obtain the lowest sentence possible from Judge Gillmor at sentencing; or, 2) Fight the case at trial and hope for acquittal on both Counts 1 and 2. I am fully aware that you have told both of your previous lawyers, Mr. Pagliarini and Mr. Waters that you are not guilty and want to fight your case at trial.

      Finally, I want to assure you that I will provide you with the best representation and legal counsel possible, no matter whether you wish to fight the case at trial or seek the lowest possible sentence. Please advise me as soon as possible of your decision to seek the lowest possible sentence or fight the case at trial and sign this letter below and return a copy to me for my records.

Sincerely,

*[signature]*

RUSTAM A. BARBEE


      I, LARRY PAGAN, have read and understand the foregoing letter from my attorney, advising me of my legal options in the above-referenced case.

Dated, Kamuela, Hawaii, ___Feb 4___, 2005.

*[signature]*

LARRY PAGAN