IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LARRY PAGAN,                          )    Civ. No.  07-00355 ACK-BMK
                                      )    Cr. No. 04-00054 ACK
            Petitioner,               )
                                      )
      v.                              )
                                      )
UNITED STATES OF AMERICA,             )
                                      )
            Respondent.               )
_____)

## ORDER DENYING SECTION 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

      Larry Pagan ("Petitioner") moves this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  See Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, 28 U.S.C. § 2255 (Jul. 2, 2007) ("Motion").[1]

      Petitioner's first trial resulted in a mistrial due to a hung jury.  At the conclusion of his second trial, a jury found Petitioner guilty of all three counts contained in the Superseding Indictment:

      (1) conspiracy to knowingly and intentionally distribute and possess with intent to distribute 100 grams or

_____

      [1]Petitioner originally filed the Motion in the United States District Court for the District of California on May 3, 2007.  On June 19, 2007, that court issued an order transferring the Motion to the United States District Court for the District of Hawaii, finding that the latter court has jurisdiction over the Motion.  The Motion was filed officially in the United States District Court for the District of Hawaii on July 2, 2007.

more of heroin, in violation of 21 U.S.C. § 841(a)(1);

(2) knowingly and intentionally attempting to possess
with intent to distribute 100 grams or more of heroin, in
violation of 21 U.S.C. § 846; and

(3) knowingly and intentionally attempting to possess
with intent to distribute cocaine, in violation of 21 U.S.C. §
846. <u>See</u> Superseding Indictment (Apr. 14, 2005); Verdict (Jan.
17, 2006).

This Court sentenced Petitioner to a total term of 120
months of imprisonment followed by eight years of supervised
release. <u>See</u> Judgment in a Criminal Case at 3-4 (May 8, 2006).

Petitioner appealed to the Ninth Circuit this Court's
denial of his motion for mistrial at the second trial following
the prosecution's allegedly improper impeachment of a defense
witness in violation of the "law of the case" doctrine. <u>See</u>
<u>United States v. Pagan</u>, No. 06-10324, Memorandum at 1-2 (Mar. 28,
2007). The Ninth Circuit affirmed this Court's decision, holding
that Petitioner did not preserve the issue for appeal because he
failed either to move to suppress in a timely manner following
receipt of the government's notice to impeach or to object when
the prosecutor asked questions touching on the witness's prior
conviction. <u>Id.</u> at 2. Additionally, the Ninth Circuit found
that Petitioner was not prejudiced because his oral motion to
strike evidence following the impeachment was granted, curative

2

instructions were given, the impeachment was a single instance, and there existed substantial evidence of guilt against Petitioner.  <u>Id.</u>

In his current Motion before this Court, Petitioner argues that he is entitled to an order vacating, setting aside, or correcting his sentence because he was denied effective assistance of counsel.  <u>See</u> Motion at 5.[2/]  The Government filed a Response on September 28, 2007.  Petitioner did not file an optional reply.

<u>STANDARD</u>

Pursuant to Section 2255, a court must vacate and set aside a judgment and discharge the prisoner, or resentence the prisoner, or grant a new trial, or correct the sentence, if the court finds any one of the following: the judgment was rendered without jurisdiction; the sentence imposed was not authorized by law or otherwise open to collateral attack; or there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral

---

[2/]On July 30, 3007, this Court found that by making and pursuing allegations of ineffective assistance of counsel against Rustam A. Barbee in the Motion, Petitioner waived the attorney-client privilege that might otherwise apply to the communications between a defendant and his attorney, as to the issues raised in the Motion, as well as to any communications between Petitioner and Mr. Barbee reasonably related to such claims.  <u>See</u> Order Finding that Petitioner Larry Pagan Has Waived His Attorney-Client Privilege as to Communications/Issues Raised by Larry Pagan in His § 2255 Petition and Granting Extension of Time at 2 (July 30, 2007).

attack.  28 U.S.C. § 2255.

A court shall hold an evidentiary hearing on a motion
under Section 2255 "unless the motion and the files and records
of the case conclusively show that the prisoner is entitled to no
relief."  28 U.S.C. § 2255.  "A court may entertain and determine
such [a] motion without requiring the production of the prisoner
at the hearing."  <u>Id.</u>  In short,

> The standard essentially is whether the
> movant has made specific factual allegations
> that, if true, state a claim on which relief
> could be granted.  A hearing must be granted
> unless the movant's allegations, when viewed
> against the record, do not state a claim for
> relief or are so palpably incredible or
> patently frivolous as to warrant summary
> dismissal.

<u>United States v. Schaflander</u>, 743 F.2d 714, 717 (9th Cir. 1984)
(citations omitted); <u>Shah v. United States</u>, 878 F.2d 1156, 1158
(9th Cir. 1989); <u>see also</u> <u>United States v. Quan</u>, 789 F.2d 711,
715 (9th Cir. 1986) ("Where a prisoner's motion presents no more
than conclusory allegations, unsupported by facts and refuted by
the record, an evidentiary hearing is not required.").

The Ninth Circuit recognizes that even when credibility
is at issue, no evidentiary hearing is required if it can be
"'conclusively decided on the basis of documentary testimony and
evidence in the record.'"  <u>Shah</u>, 878 F.2d at 1159 (quoting <u>United
States v. Espinoza</u>, 866 F.2d 1067, 1069 (9th Cir. 1989)).  In
addition, judges may use discovery, documentary evidence, and

their own notes and recollections of the plea hearing and sentencing process to supplement the record.  <u>Shah</u>, 878 F.2d at 1159.  "Judges may also use common sense."  <u>Id.</u>  The choice of method for handling a Section 2255 motion is left to the discretion of the district court.  <u>See id.</u> (citing <u>Watts v. United States</u>, 841 F.2d 275, 277 (9th Cir. 1988)).

As discussed below, the Court finds that Petitioner's arguments lack merit.  Because the record conclusively shows that Petitioner is not entitled to relief, a hearing is not warranted in this case.

**<u>DISCUSSION</u>**

To succeed on a claim of ineffective assistance of counsel, Petitioner must demonstrate that (1) in light of all the circumstances, his counsel's performance was outside the "wide range of professionally competent assistance," by identifying specific material errors or omissions; and (2) his defense was so prejudiced by his counsel's errors that there is a reasonable probability that, but for his counsel's deficient representation, the result of the proceedings would have been different.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 690 (1984).  To successfully demonstrate ineffective assistance of counsel, Petitioner must satisfy both prongs of the test.  <u>Id.</u> at 697.

Petitioner must also overcome the strong presumption that counsel "rendered adequate assistance and made all

5

significant decisions in the exercise of reasonable professional judgment." See id. at 690; see also Michel v. Louisiana, 350 U.S. 91, 101 (1955) (defendant must overcome presumption of effectiveness, including the possibility that, under the circumstances, the challenged action might be considered sound trial strategy). Judicial scrutiny of counsel's performance must be highly deferential and must take into account the facts of the particular case, viewed at the time of counsel's conduct. See Strickland, 466 U.S. at 689-90.

Petitioner argues four separate grounds for ineffective assistance of counsel. He fails to demonstrate ineffective assistance of counsel on any of the four counts.

**A.    Alleged Failure to Call Key Witnesses**

In support of his first count of ineffective assistance of counsel, Petitioner alleges that counsel failed to call two key witnesses at trial. Specifically, Petitioner alleges the following:

> [Counsel] [f]ailed to call a key witness with exculpatory testimony who sat in court. Counsel Barbee failed to locate another key witness with exculpatory testimony despite my many requests to find this witness. Counsel Barbee failed to follow-up. This witness was the recipient of the money from this purported drug transaction.

See Motion at 5.

Petitioner fails to identify the two witnesses to whom he is referring. Mr. Barbee identifies three possible witnesses

6

to whom Petitioner may be referring: Lillian Salinas, Tito (last name unknown), and/or an individual who received certain Western Union wire transfers. <u>See</u> Declaration of Rustam A. Barbee at 2-4 (Sept. 27, 2007) ("Barbee Decl.").

### 1. Lillian Salinas

Testimony at trial indicated that Ms. Salinas was Petitioner's girlfriend at the time he was arrested (as well as at the time of trial). According to Mr. Barbee's declaration, he and Petitioner decided not to call Ms. Salinas as a witness because she had a criminal record involving drug-related offenses and her testimony would have contradicted a credible audio tape recording of a telephone call admitted into evidence by the Government. <u>See</u> Barbee Decl. at 2. Specifically, Mr. Barbee indicates that Ms. Salinas would have testified that: she was present with Petitioner when he received a telephone call from DEA Agent Richard Jones; Petitioner was intoxicated at the time of the telephone call; the call was received while Petitioner and Ms. Salinas were driving in an automobile; and Petitioner was laughing because he believed the call to be a prank call from a co-worker or friend. <u>Id.</u> Mr. Barbee believed that this testimony would have conflicted with the audio tape recording of the telephone call between Agent Jones and Petitioner, because Mr. Barbee's review of that tape recording indicated to him that: Petitioner did not seem intoxicated, is not heard to laugh, and

7

does not sound like he is in an automobile; a television is audible in the background; children's voices are audible in the background; and Petitioner indicates on the tape that only his niece is present. Id. at 2-3; see also Transcript of Telephone Call on July 22, 2003 between Larry Pagan and Special Agent Richard Jones.

Mr. Barbee's decision not to call Ms. Salinas as a witness was a strategic one, based on the exercise of his reasonable professional judgment that her testimony would have contradicted the tape recording of the telephone conversation between Petitioner and Special Agent Jones. Viewed at the time of Mr. Barbee's decision not to call Ms. Salinas and in light of all the circumstances, Mr. Barbee's decision not to call Ms. Salinas as a witness was within the wide range of professionally competent assistance. Strickland, 466 U.S. at 690; see also Gustave v. United States, 627 F.2d 901, 904 (9th Cir. 1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation.").

Moreover, Petitioner has failed to show any reasonable probability that, if Mr. Barbee had called Ms. Salinas as a witness, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. The totality of the evidence supported Petitioner's conviction. Id. at 695.

**2.    Tito**

At the trial, the defense theory was that Petitioner befriended a person named Tito (last name unknown), let Tito stay on his property and use his telephone, and that it was Tito and not Petitioner who was involved with drug trafficking. According to Mr. Barbee, Petitioner could not provide Mr. Barbee with Tito's last name or contact information. See Barbee Decl. at 3.

The decision by Mr. Barbee not to investigate Tito's whereabouts was reasonable, given that Mr. Barbee did not know Tito's last name or have any indication where (even in what city) Tito lived, and Petitioner himself had not been able to provide any information. See Strickland, 466 U.S. at 690-91. Thus, viewed at the time of Mr. Barbee's decision not to try to find Tito or call Tito as a witness, and in light of all the circumstances, Mr. Barbee's decision not to call Tito as a witness was within the wide range of professionally competent assistance. Strickland, 466 U.S. at 690. Moreover, Petitioner has failed to show any reasonable probability that, if Mr. Barbee had called Tito as a witness, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. The totality of the evidence supported Petitioner's conviction. Id. at 695.

### 3. Recipient of the Wire Transfers

To the extent that Petitioner is arguing that counsel should have called the recipient of the wire transfers as a witness, whom the Government alleged was the recipient in

9

California of drug payments from Petitioner and others, Mr.
Barbee indicates that he did not attempt to contact the
individual because Petitioner claimed that he did not know the
individual.  See Barbee Decl. at 3.  Additionally, Mr. Barbee
indicates that Petitioner claimed that the source of the funds
that he wire transferred to California were from motor vehicle
sales on the Big Island.  Id.  Mr. Barbee indicates that he
checked the record of all motor vehicle sales by Petitioner on
the Big Island for the time period relevant to the indictment and
found no motor vehicle sales to substantiate Petitioner's claim.

        "[W]hen a defendant has given counsel reason to believe
that pursuing certain investigations would be fruitless or even
harmful," as Petitioner did here, "counsel's failure to pursue
those investigations may not later be challenged as
unreasonable."  Strickland, 466 U.S. at 691.  Viewed at the time
of Mr. Barbee's decision not to try to find the individual or
call him as a witness, and in light of all the circumstances, Mr.
Barbee's decision not to call the recipient of the wire transfers
as a witness was within the wide range of professionally
competent assistance.  Strickland, 466 U.S. at 690.  Moreover,
Petitioner has failed to show any reasonable probability that, if
Mr. Barbee had called the witness, the result of the proceeding
would have been different.  Strickland, 466 U.S. at 694.  The
totality of the evidence supported Petitioner's conviction.  Id.

at 695.

**B.    Alleged Failure to Call Petitioner to Testify**

In support of his second count of ineffective
assistance of counsel, Petitioner alleges that Mr. Barbee was
ineffective for failing to put Petitioner on the witness stand,
despite Petitioner's alleged desire to testify.  Specifically,
Petitioner alleges the following:

> Counsel Barbee failed to call me as a witness.  Despite
> many requests to put me on the witness stand, he failed
> to give me an opportunity to explain in my own words my
> story and not the prosecution's story.

See Motion at 5.

Where "defense counsel refused to accept the
defendant's decision to testify and would not call him to the
stand, counsel would have acted unethically to prevent the
defendant from exercising his fundamental constitutional right to
testify," such that "defense counsel has not acted 'within the
range of competence demanded of attorneys in criminal cases,' and
the defendant clearly has not received reasonably effective
assistance of counsel." U.S. v. Teague, 953 F.2d 1525, 1534
(11th Cir. 1992) (quoting Strickland, 466 U.S. at 687).  Such was
not the case here.

Mr. Barbee indicates that he consulted with Petitioner
about his right to testify, advised him about the likelihood that
the prosecuting attorney would impeach Petitioner through the use
of his prior felony drug convictions if Petitioner chose to

11

testify, and that Petitioner elected not to testify.  See Barbee
Decl. at 4.

Additionally, Petitioner confirmed on the record in
open court that he consulted with Mr. Barbee and decided not to
take the witness stand.  See Transcript of Jury Trial (Day 4) at
4-67 – 4-68 (Jan. 13, 2006).  After the defense's last witness
had concluded her testimony, the Court conducted the following
colloquy to confirm that Petitioner made a knowing and voluntary
decision not to testify.

> MR. BARBEE: I have met with Mr. Pagan on many occasions
> and discussed his constitutional right to testify in
> this matter on his own behalf or, on the other hand,
> his privilege against self-incrimination, his right not
> to testify.  He has in my opinion made a knowing and
> intelligent decision not to testify in this matter, and
> that would be based upon both advice of counsel and his
> own independent decision.
>
> THE COURT: Is that correct, Mr. Pagan?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And as your counsel said, you understand you
> do have a constitutional right to testify and you also
> have a constitutional right not to testify.  You
> understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: That's your decision, as you may consult
> with your attorney.  And you –- I take it you have
> decided you do not want to testify; is that right?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: All right.  Thank you.
>
> THE DEFENDANT: Thank you.

<u>See</u> Transcript of Jury Trial at 4-67 - 4-68 (Jan. 13, 2006).

Considering Mr. Barbee's representations to the Court at the trial that Petitioner made a knowing and intelligent decision not to testify, Petitioner's similar representations to the Court at the trial, and Mr. Barbee's current declaration confirming Petitioner's decision not to testify, the Court finds incredible Petitioner's new allegations that Mr. Barbee failed to give him an opportunity to testify.  The Court finds that Mr. Barbee acted within the range of competence demanded of attorneys in criminal cases.  <u>Strickland</u>, 466 U.S. at 689.

Moreover, Petitioner has failed to show any reasonable probability that, if he had testified, the result of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694.  The totality of the evidence supported Petitioner's conviction, and any testimony Petitioner may have given about his lack of participation in the drug trafficking scheme would likely have been made less credible by the introduction of his prior felony drug convictions.

**C.    Alleged Failure to Timely Object to Witness**

Petitioner alleges the following in support of his third count of ineffective assistance of counsel:

> Counsel Barbee failed to object to the calling of a
> hostile witness in appropriate time frame and in proper
> form.  The witness was disqualified in the first trial
> leading to a mistrial.  The same witness appeared in
> the second trial with the same testimony and was
> disqualified again but after witness made statements

13

heard by the jury.  The damage had been done already.
<u>See</u> Motion at 5.

Although Petitioner fails to identify the witness in question, he appears to be referring to Fernando Salas – a witness called by the defense.  At Petitioner's first trial, Mr. Salas testified that he had known Petitioner for over twenty years.  <u>See</u> Trial Transcript, vol. 3, at 115 (Aug. 25, 2005).  Mr. Salas testified that in approximately 2002, he found a man named Tito stranded on the side of the road with a broken down car, near Petitioner's residence.  <u>Id.</u> at 116-17.  Mr. Salas testified that he introduced Tito to Petitioner at that time.  <u>Id.</u> at 117-18.[3]

On cross examination in the first trial, the prosecuting attorney elicited testimony from Mr. Salas that Mr. Salas had a prior felony drug distribution conviction.  <u>Id.</u> at 124-25.  Upon objection by Mr. Barbee, the Court struck the testimony and statements about Mr. Salas's prior conviction, and advised the jury not to consider it at all.  <u>Id.</u> at 141.[4]

_____

[3]As mentioned <u>supra</u>, the defense theory was that Petitioner befriended a person named Tito, let Tito stay on his property and use his telephone, and that it was Tito and not Petitioner who was involved with drug trafficking.

[4]The Court's ruling to strike the testimony and statements was based on Federal Rules of Evidence 403 and 609.  <u>Id.</u> at 140-41.  The Court denied Mr. Barbee's motion for a mistrial on this issue.  <u>Id.</u> at 133, 141.  A mistrial was later declared due to a hung jury.

14

Prior to the second trial, the Government provided written notice to Mr. Barbee of its intent to use Mr. Salas's convictions to impeach him at trial. <u>See</u> Trial Transcript at 4-24 (Jan. 13, 2006). The defense called Mr. Salas as a witness again in the second trial, and Mr. Salas gave substantially the same testimony on direct exam as he had in the first trial. <u>Id.</u> at 4-15 - 4-21. On cross examination, the prosecuting attorney again elicited testimony from Mr. Salas that Mr. Salas had a prior felony drug distribution conviction. <u>Id.</u> at 4-21 - 4-22. After this testimony was given, Mr. Barbee objected to the line of questioning based on the law of the case doctrine, and moved the Court to strike the testimony or declare a mistrial. <u>Id.</u> at 4-22 - 4-23. The Court granted Mr. Barbee's motion to strike, under Federal Rules of Evidence 403 and 609, and instructed the jury to totally disregard and not consider any reference to Mr. Salas having been arrested or convicted. <u>Id.</u> at 4-25 - 4-27.

Regardless of whether Mr. Barbee's performance was within the wide range of professionally competent assistance, Petitioner's defense was not so prejudiced by any such error that there is a reasonable probability that, but for his counsel's deficient representation, the result of the proceedings would have been different. <u>Strickland</u>, 466 U.S. 668, 687, 690. The Court struck the testimony about Mr. Salas's prior conviction and instructed the jury to disregard it. The jury is presumed to

have followed this instruction.  <u>See</u> <u>United States v. Span</u>, 75 F.3d 1383, 1390 (9th Cir. 1996) ("juries are presumed to follow their instructions") (quoting <u>Zafiro v. United States</u>, 506 U.S. 534, 540 (1993)).

Most importantly, the Ninth Circuit has already decided that Petitioner "was not prejudiced because his oral motion to strike evidence following the impeachment was granted, curative instructions were given, the impeachment was a single instance, and there existed substantial evidence of guilt against [Petitioner]." <u>United States v. Pagan</u>, No. 06-10324, Memorandum at 1-2 (Mar. 28, 2007).

**D.  Alleged Failure to Communicate with Petitioner**

Petitioner alleges the following in support of his fourth count of ineffective assistance of counsel:

> Counsel Barbee failed to communicate the seriousness and details of my case so a plea agreement was never pursued actively.  He never explained what my chances were in winning or losing at trial.  Thus, I blindly followed his recommendations, without questioning strategies or details.

<u>See</u> Motion at 5.

Petitioner's allegations have no merit.  Mr. Barbee indicates in his declaration that he "communicated to Mr. Pagan the seriousness and nature of the charges against him on many occasions." Barbee Decl. at 6.  In a letter to Petitioner dated February 1, 2005 (more than six months prior to Petitioner's first trial), Mr. Barbee explained the charges against

16

Petitioner, the possible sentences, and Petitioner's legal options.  See Barbee Decl., Exhibit 1 at 1-2.  The letter clearly explained that "[i]f the government alleges and proves that you have a prior drug trafficking felony conviction, the sentences increase[] in Count 1 to 10 years to life imprisonment and in Count 2 to a 40 year maximum sentence."  Id. at 1.

The letter goes on to explain how Petitioner could have avoided the mandatory minimum sentence:

> There are only two ways to defeat the mandatory minimum 5 year sentence in your case (mandatory 10 years if the government alleges and proves a prior drug felony conviction).  One, obtain an acquittal on Count 1 at trial.  Two, you can get less than 5 years if the prosecuting attorney moves the Court for a "cooperation" departure . . . .  "Cooperation" would require that [you] plead guilty and provide full and complete information . . . to the DEA . . . .

Id. at 2.

The letter reiterated and stressed Petitioner's legal options: "Mr. Pagan, your legal options at this point are as follows: 1) Change your not guilty plea to guilty and cooperate with the DEA . . .; or, 2) Fight the case at trial and hope for acquittal on both Counts 1 and 2."  Id.  The letter also highlighted the strength of the evidence against Petitioner: "A review of the discovery provided by the prosecuting attorney so far in your case includes drug evidence of heroin and cocaine and a tape recording of two telephone conversations supposedly between you and DEA Agent Richard Jones wherein a package

17

delivered to your daughter and containing the drugs was discussed." <u>Id.</u> at 1.

Tellingly, on February 4, 2005, Petitioner signed a statement at the bottom of the letter stating: "I, LARRY PAGAN, have read and understand the foregoing letter from my attorney, advising me of my legal options in the above-referenced case."

Moreover, prior to Petitioner's first trial, he agreed to accept a plea agreement, but the Court would not accept Petitioner's change of plea because Petitioner continued to profess his innocence. <u>See</u> Barbee Decl. at 6-7; Minutes of Further Final Pretrial Conference before Judge Alan C. Kay (Apr. 11, 2005). According to Mr. Barbee, after that date, Petitioner continually and consistently refused to have Mr. Barbee seek a plea agreement. <u>See</u> Barbee Decl. at 7.

In summary, the allegations contained in the Motion are overwhelmingly contradicted by Mr. Barbee's declaration, the letter dated February 1, 2005, the statement signed by Petitioner on February 4, 2005 (stating that he read and understood the letter), and the Court's refusal to accept Petitioner's change of plea prior to the first trial. The Court finds that Petitioner's allegations regarding Mr. Barbee's alleged failure to communicate are meritless.

## <u>CONCLUSION</u>

Petitioner has failed to demonstrate that he was denied

18

effective assistance of counsel.  To the contrary, it appears to this Court that Mr. Barbee provided Petitioner with above average legal representation.  Accordingly, the Court denies Petitioner's Motion To Vacate, Set Aside or Correct Sentence.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 29, 2007.



_____
Alan C. Kay
Sr. United States District Judge

Pagan v. United States, Civ. No. 07-00355 ACK-BMK, Cr. No. 04-00054 ACK, Order Denying Section 2255 Motion to Vacate, Set Aside or Correct Sentence.